# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KELLY SERVICES, INC.,

       Plaintiff,

Case No. 08-10416

v.

Hon. Lawrence P. Zatkoff

DALE HOWELL,

       Defendant.

_____/

## TEMPORARY RESTRAINING ORDER

AT A SESSION of said Court, held in the
Federal Building, in the City of Port Huron,
State of Michigan, on the 7th day of February, 2008

PRESENT:   THE HONORABLE LAWRENCE P. ZATKOFF
                  UNITED STATES DISTRICT JUDGE

On February 7, 2008, the Court held a hearing on Kelly's Motion for a Preliminary Injunction. The Court having heard the parties' arguments and being otherwise duly advised in the premises:

**IT IS ORDERED** that the Temporary Restraining Order issued on January 30, 2008, be continued for one week to February 14, 2008. The parties shall appear before this Court, located at 526 Water St., Port Huron, Michigan, on Thursday, February 14, 2008, at 1:30 p.m. for a re-hearing on Kelly's Motion for a Preliminary Injunction.

**IT IS FURTHER ORDERED THAT:**

    (1)    Defendant Dale Howell is temporarily enjoined, directly or indirectly:

    (a) From working for, or acting as, an employee, partner, stockholder, investor, owner, director, agent, or consultant for a competitor of Kelly's Scientific Resources division ("KSR"), including, but not limited to, Lab Support, within Maricopa, Pima, Coconino, and Graham Counties, Arizona; Clark County, Nevada; and Bernalillo County, New Mexico until further order of the Court;

    (b) From soliciting or performing services for any KSR customer and client or prospective customer or client until further order of the Court;

    (c) From soliciting or being involved in the recruitment or hire of any KSR employee until further order of the Court;

    (d) From ever using or disclosing any of KSR's confidential, proprietary or trade secret information or property;

    (e) From interfering, in any way, with any current or prospective customer or employee relationship of KSR; and

    (f) From breaching any fiduciary obligation and duties of loyalty to KSR, including but not limited to, appropriating any business opportunity of KSR, engaging in deceptive acts or statements with regard to KSR's abilities, experiences and personnel, or otherwise attempting to gain unfair advantage in the employee leasing and staffing business.

    (2) Defendant shall immediately return all KSR property to Kelly, including all originals and copies of tangible property, proprietary documents, trade secrets, confidential information, discs, notes, client files, client information, employment information, business development information, requests for proposals, requests for bids, client correspondence, meeting minutes, notes of site visits, marketing data, prospect meeting data, proposals, faxes, financial information, pricing, contracts, marketing brochures, marketing database, marketing plans, costs, customer lists, customer information, internal weaknesses, prospect lists, client lists, employee lists, alliance relationships, competitive bid information, client contact lists, sales leads, prospective employee lists, business plans, profit, margin, and forecasting information, strategic planning, project costs, and any other KSR data kept in any form or media whatsoever.

(3)     Defendant shall preserve all evidence, including hard copies, electronic, computer or any other format, which in any way relates to the claims made in this case.

(4)     This Order is being issued on February 7, 2008, at 1:00 p.m. in Port Huron, Michigan.

(5)     This Order shall remain in effect until February 14, 2008, or until further order of the Court.

**IT IS SO ORDERED.**

                                          s/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
DATE: February 7, 2008                  UNITED STATES DISTRICT JUDGE